# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0125V

| | |
|---|---|
| RONALD L. JOPES,<br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: August 25, 2023 |

*Richard H. Moeller, Moore, Heffernan, et al., Sioux City, IA,* for Petitioner.

*Bridget Corridon, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 7, 2022, Ronald L. Jopes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on November 5, 2020. Petition at 1-2. Petitioner further alleges that the vaccine was administered in the United States, the residual effects of his injuries continued for more than six months, and he has never received compensation in the form of an award or settlement, or filed a civil action, for his vaccine-related injuries and conditions. Petition at ¶¶ 4, 18-21, 33-34. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 21, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On August 25, 2023, Respondent filed a proffer on award of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

compensation ("Proffer") indicating Petitioner should be awarded $175,989.99. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $175,989.99 (comprised of $175,000.00 in pain and suffering and $989.99 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RONALD JOPES, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 22-125V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

### **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 7, 2022, Ronald Jopes ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine he received on November 5, 2020. Petition at 1-2. On July 19, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on July 21, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 42; ECF No. 44.

**I.   Items of Compensation**

    A.   Pain and Suffering

Respondent proffers that petitioner should be awarded $175,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $989.99. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**      **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $175,989.99, in the form of a check payable to petitioner.

**III.**      **Summary of Recommended Payments Following Judgment**

      Lump sum payable to petitioner, Ronald Jopes:      **$175,989.99**

      Respectfully submitted,

      BRIAN M. BOYNTON
      Principal Deputy Assistant Attorney General

      C. SALVATORE D'ALESSIO
      Director
      Torts Branch, Civil Division

      HEATHER L. PEARLMAN
      Deputy Director
      Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*/s/ Bridget A. Corridon*
BRIDGET A. CORRIDON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station Washington, D.C. 20044-0146
Tel: (202) 305-4117
Fax: (202) 616-4310
Email: bridget.corridon@usdoj.gov

Date:  August 25, 2023